## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BENJAMIN DAVID IRVIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-04-4515** |
| | § | |
| **CHARLES ARENDALE, Department of** | § | |
| **Homeland Security Immigration and** | § | |
| **Customs Enforcement Field Office Director[1]** | § | |
| | § | |
| **Respondent.** | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Petitioner Benjamin David Irvin's Petition for Writ of Habeas Corpus  (Dkt. #1).  After careful consideration of the petition, the response, and the applicable law, the Court is of the opinion that the petition should be DISMISSED without prejudice.

### Factual and Procedural Background

Petitioner is from Panama, and entered the United States in 1977 as a resident alien because he was a step-son of a United States citizen.  Petitioner was convicted of assault with a deadly weapon in the 27th District Court of Bell County, Texas on March 3, 1995 and sentenced to nine (9) years in prison.  He was subsequently convicted of aggravated assault causing serious bodily injury on January 9, 1996 in the 331st District Court of Tarrant County, Texas and sentenced to serve six (6) years for that offense.  While Petitioner was serving his sentences, he was placed in

---

[1]Although Petitioner originally named the Immigration and Naturalization Service as Respondent in this action, the Court notes that the Field Office Director of the Immigration and Customs Enforcement office in Houston, Texas is the proper Respondent.  The INS was abolished on March 1, 2003, and its functions and units were incorporated into the Department of Homeland Security, which places immigration enforcement responsibility of this type with Immigration and Customs and Enforcement.

removal proceedings.  Immigration Judge (IJ) Benton ordered him removed on September 8, 1998. The Board of Immigration Appeals dismissed his appeal as untimely on October 9, 1998.

On May 14, 2003, Petitioner apparently filed a motion to reopen with the IJ claiming he was a United States citizen.  According to Respondent, the IJ denied the motion on June 2, 2003, and although an appeal was filed, no record reflecting the disposition of an appeal has been located. Thereafter, Petitioner sought relief from removal through an application for naturalization, which was denied on a decision dated September 10, 2004.  Petitioner did not appeal this decision. Petitioner filed his habeas petition in this Court on November 24, 2004, to which Respondent filed an Answer and Return on May 31, 2005.  Petitioner responded to Respondent's Answer and Return on June 20, 2005.

**Discussion**

The Court's review of this case is governed by 8 U.S.C. § 1231. Under section 1231(a), Respondent has ninety days to carry out an order removing an alien from the United States. During this time, detention is mandatory. Section 1231(a) provides that the alien may be held in continued detention, or may be released under continued supervision at the conclusion of the ninety- day period.  In *Zadvydas v. Davis*, 533 U.S. 678, the Supreme Court addressed the extent to which section 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the ninety-day removal period.  Reasoning that the indefinite detention  "would raise serious constitutional concerns," the Supreme Court concluded that the statute limits "post-removal-period detention" to a period reasonably necessary to bring about the alien's removal from the United States.  *Id*. at 689.  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id*. at 699.  The Court also determined that six months would be

2

considered a "presumptively reasonable period of detention." *Id*. at 701.  Thus, an alien may be detained beyond the six-month period only "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

In response to *Zadvydas*, regulations were promulgated to meet the newly established criteria.  *See* 8 C.F.R. § 241.4.  Before the expiration of the removal period expires, the district director is to conduct a custody review if the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Section 241.13 establishes special review procedures for aliens subject to a final order of removal and detained beyond the expiration of the removal period. The HQPDU must determine whether the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably foreseeable future. 8 C.F.R. § 241 .13(a).

Irvin has challenged his continued detention by filing a petition for a writ of habeas corpus under section 2241. Respondent has answered by insisting that Irvin needs to exhaust his administrative remedies by seeking review under section 241.13.  Respondent is instructed to treat the petition filed in this case as a request for release under 8 C.F.R. § 241.13 and 241.4.  Respondent must respond to this request within thirty (30) days. At that point, Petitioner may seek judicial review of the administrative decision, if necessary.

## Conclusion

For the foregoing reasons, it is hereby ORDERED that Respondent is directed to treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13,

3

and shall respond to Irvin's request within thirty (30) days.  Because the petition is referred to the appropriate government agency for disposition under existing review procedures, the petition for writ of habeas corpus is DISMISSED without prejudice.

It is so ORDERED.

Signed this 16th day of November, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

4